**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| **DARRELL JOHNSON** | **CIVIL ACTION NO. 06-1180-LC** |
| **VS.** | **SECTION P** |
| **FOR HIM MAGAZINE, INC.** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

**REPORT AND RECOMMENDATION**

Before the court is Darrell Johnson's *pro se* civil rights (42 U.S.C. § 1983) complaint filed *in forma pauperis* on July 10, 2006. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana. Plaintiff names For Him Magazine, Inc. (FHM) as his sole defendant herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**STATEMENT OF THE CASE**

Plaintiff makes one claim in this matter, namely that he failed to receive a magazine that he ordered and paid for. More specifically, he states that on March 6, 2006, inmate banking at ACC issued a $12.00 check to FHM for a subscription of FHM. However, at the time of filing this complaint (some 16 ½ weeks after forwarding the payment), plaintiff still had not received the magazine. As a result, he asks for a refund of the $12.00 subscription payment; $250.00 in damages for mental anguish; and, costs of court.

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obliged to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B); 28 U.S.C.A. § 1915A; 42 U.S.C.A. § 1997e(c). A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(e)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

**A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation** and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint presents the best case which could be presented by plaintiff under the circumstances. Thus, the court is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should be dismissed with prejudice.

### No State Actor

"[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the **violation of a right secured by the Constitution** and laws of the United States, and must show that the alleged deprivation was committed **by a person acting under color of state law**." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied). See also, *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978)("In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law).

In order to prove the deprivation of a right protected by Constitution, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v.*

*United States*, 325 U.S. 91, 110 (1944)(plurality opinion).

In the present case, For Him Magazine, Inc., is certainly not a "state actor" as defined above. Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 30, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

4